UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR,     Plaintiff,

v.     Civil Action No. 3:16-cv-P1-DJH

KENTUCKY STATE REFORMATORY
WARDEN AARON SMITH *et al.*,     Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Yale Larry Balcar's *pro se* complaint (DN 1) and supplemental complaint (DN 7) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss a portion of the claims, allow other claims to proceed, and allow Plaintiff to amend two claims.

### I. SUMMARY OF CLAIMS

Plaintiff is a state prisoner currently incarcerated in the Kentucky State Reformatory (KSR). He brings suit under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA) against the following Defendants: KSR Warden Aaron Smith; KSR Lt. Deanna Hawkins; KSR Sergeant (Sgt.) Kelley; KSR Parole Officer C. Porter; and "Correctional Care Solution – Med" (CorrectCare). He sues Defendants Lt. Deanna Hawkins, Sgt. Kelly, and Parole Officer Porter in their individual capacities and sues Warden Smith in his individual and official capacities. In the supplemental complaint, Plaintiff also sues Defendant Lt. Deanna Hawkins in her official capacity and adds Capt. Patrick Hawkins as a Defendant, suing him in his individual and official capacities.

In the complaint, Plaintiff describes an assault that occurred on December 13, 2015, by Defendants Lt. Deanna Hawkins, Sgt. Kelley, and Parole Officer C. Porter. He claims that on that date, Defendant Lt. Deanna Hawkins went to his cell door to read a write-up to him and that when he asked her how to file a harassment complaint against another corrections officer, "she lost her temper and push Plaintiff back in his cell and started beating him with her Handcuff on his right hand 6-8 time until he was Bleeding and right hand was mark with Hand cuff mark." Then, claims Plaintiff, Defendant Porter came into his cell and "put a choke Hole around plaintiff neck" and that Sgt. Kelley sprayed him with "OC Spray." Plaintiff asserts that there "was no need to spray [him] because he was cooperating" and that "She did not get medical approve to spray." He alleges that he "fear[s ] Guard Assault and Beating at any time."

Plaintiff reports that after the assault he was taken to the prison infirmary for treatment of OC spray exposure, chest pain, and difficulty breathing, but that "Two Nurses Denied treatment . . . [and] they refuse to wash OC Spray out his eye and face." He claims that the nurses were not trained to respond to his emergencies and did not know how to treat him.

Additionally, Plaintiff reports that on December 13, 2015, he was placed in punitive segregation and denied a handicapped cell and that his wheelchair was taken for three days by segregation guards. He further reports that on December 17, 2015, he was served with a disciplinary charge for assault on staff and that non-defendant Lt. Jayne Hogan took a picture of his right hand "cut and marks" and "took complaint of Assault and then to Intern Affair and was Denied Due Process." Plaintiff then states, "[non-defendant] Lt. Weltzel done my Disciplinary Hear stating, that Plaintiff was 'Guilty as charged based on Staff statements,' and sentencing the plaintiff to a cat 7-01 150 days segregation to run consecutive 60 days of which to be placed on the shelf for 180 Days, 365 days Non-Restorable Good time Days." Plaintiff reports filing an

2

appeal with Defendant Warden Smith "pointing out that the camera show Lt Hawkin and Porter went into Plaintiff cell unauthor and do not know who Assault How."

In the supplemental complaint, Plaintiff describes an incident on January 24, 2016, involving Defendant Lt. Deanna Hawkins and her husband, Defendant Capt. Patrick Hawkins. He alleges that on that date, Lt. Deanna Hawkins, Capt. Patrick Hawkins, and the SWAT team "came to Plaintiffs' Cell Door and said cuff up or handicuff and Plaintiff ask what going on her and Lt Hawkin use a hole Big Can of OC spray on Plaintiff for no reason at all." He continues that Defendant Lt. Deanna Hawkins "threaten Plaintiff and said I am going to kill Balcar with the OC Spray very soon." Plaintiff reports that he uses a wheelchair and is "Handicap, also he has COPD and shortness of Breath and a Bad Heart." He states, "Plaintiff was assaut by Mrs. Lt Hawkins and all officers, had my clothes ripped off and were throw naked in a strip cell without ever getting a hearing." He continues that he "was place on a 15 min watch and his wheel-chair was taking for 4 Day."

As relief in the complaint, Plaintiff seeks compensatory and punitive damages; declaratory relief; for "treatment directed by such medical practitioner"; and for Defendant Warden Smith to release him from segregation and place him in general population with restoration of all rights and privileges and to expunge his disciplinary convictions from his institutional records. As relief in the supplemental complaint, Plaintiff seeks compensatory and punitive damages and for the Court to "Issue a Restraining Order on Lt. Deanne Hawkins and Capt Patrick Hawkins."

## II. STANDARD OF REVIEW

Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.  ANALYSIS

### A.  *Section 1983 Official-Capacity Claims for Damages*

Plaintiff sues Defendants Warden Smith, Lt. Deanna Hawkins, and Capt. Patrick Hawkins in their official capacities.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants Warden Smith, Lt. Deanna Hawkins, and Capt. Patrick Hawkins are officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, because Plaintiff seeks money damages from state officers in their official capacities, he fails to allege cognizable claims against them under § 1983.  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants Warden Smith, Lt. Deanna Hawkins, and Capt. Patrick Hawkins for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B.  *Excessive Force Incidents*

Upon review, the Court will allow the § 1983 Eighth Amendment claims of excessive force and state-law claims of assault and battery to proceed against Defendants Lt. Deanna Hawkins, Sgt. Kelley, and Officer Porter with respect to the December 13, 2015, incident and

5

will allow the § 1983 Eighth Amendment claims of excessive force and state-law claims of assault and battery to proceed against Defendants Lt. Deanna Hawkins and Capt. Patrick Hawkins with respect to the January 24, 2016, incident.

Plaintiff also brings claims against Defendant Warden Smith under the Eighth Amendment based on the Warden's alleged failure to take disciplinary or other action "to curb the know pattern of physical abuse of inmates" by Defendants. Upon review, the Court will allow Plaintiff's § 1983 claim of deliberate indifference to safety and state-law claims of assault and battery to proceed against Defendant Warden Smith .

### C. Strip Cell Incident

Plaintiff alleges that following the January 24, 2016, assault by Lt. Deanna Hawkins and Capt. Patrick Hawkins, his clothes were ripped off, he was thrown naked into a strip cell without a hearing, he was placed on a 15 minutes watch, and his wheelchair was taken for four days. Plaintiff asserts violations of the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment with respect to this incident. Upon consideration, the Court will allow these claims to continue against Lt. Deanna Hawkins and Capt. Patrick Hawkins.

### D. Medical Treatment

Plaintiff claims that two nurses did not treat him after the assault by officers because they were not trained. The Court will allow a claim of failure to train to continue against CorrectCare. Further, the Court will provide Plaintiff with an opportunity to amend the complaint to name the two nurses allegedly responsible for his denied medical treatment; to sue them in their individual capacities; and to describe the facts surrounding each nurses' involvement in his claims. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)

("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### E.  Disciplinary Conviction

Plaintiff alleges a denial of due process in his December 2015 disciplinary proceeding, wherein he was found guilty of assaulting staff and sentenced to 150 days of segregation and the loss of 365 days of non-restorable good-time credits.

To state a Fourteenth Amendment due-process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause.  To determine whether segregation of an inmate from the general prison population involves the deprivation of a protected liberty interest, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).  Generally, no liberty interest in remaining free from disciplinary segregation will be found. *Id.* at 484.  Therefore, Plaintiff's assignment to punitive segregation does not state a Due Process Clause violation.

A restraint which "inevitably affect[s] the duration of [an inmate's] sentence" creates a liberty interest. *Sandin v. Conner*, 515 U.S. at 487.  The loss of good-time credits affects the length of Plaintiff's prison sentence; thus he has a protected liberty interest in this regard. *Id.* at 477-78 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).  Even if the Court concluded that Plaintiff demonstrated liberty interests entitled to due-process protection, however, there is still a barrier to his Fourteenth Amendment claim.  A state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or

has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a ruling on a claim would necessarily render the duration of Plaintiff's confinement invalid, the claim must be dismissed because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison disciplinary proceedings. If the inmate's allegations would "necessarily imply the invalidity of the punishment imposed" the claim is not cognizable in a civil action under § 1983. *Id.* at 648. Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

In the instant action, Plaintiff seeks damages, release from punitive segregation, restoration of all rights and privileges, and expungement of his conviction from his disciplinary record. Success on Plaintiff's claims concerning his prison disciplinary conviction would necessarily imply the invalidity of his confinement and therefore cannot be brought under § 1983. Accordingly, Plaintiff's due process claims concerning his prison disciplinary proceedings and conviction will be dismissed for failure to state a claim.

### F. Denied Handicapped Cell and Wheelchair

Plaintiff alleges that he was denied a handicapped cell and wheelchair in segregation in violation of Title II of the ADA. "[T]he ADA does not provide for personal liability for defendants sued in their individual capacities." *Williams v. McLemore*, 247 F. App'x 1, 8 (6th

8

Cir. 2007). The Court will allow the official-capacity ADA claims to proceed against Defendant Warden White.

The Court also will construe Plaintiff's claim that he has been denied a handicapped cell and wheelchair as being brought under the Eighth Amendment and will provide Plaintiff with an opportunity to amend those claims to name those individuals who allegedly denied him a handicapped cell and wheelchair and to provide more facts surrounding those claims, including the length of time he was denied a handicapped cell and whether he is still being denied a handicapped cell.

### IV. ORDER

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) The § 1983 official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2), respectively, for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

(2) The due process claims arising out of Plaintiff's December 2015 disciplinary conviction are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) **The following claims shall proceed: the § 1983 Eighth Amendment claims of excessive force and the state-law claims of assault and battery against Defendants Lt. Deanna Hawkins, Sgt. Kelley, Officer Porter, and Capt. Patrick Hawkins; the § 1983 Eighth Amendment claim of deliberate indifference to safety and state-law claims of assault and battery to proceed against Defendant Warden Smith; the § 1983 Fourth, Eighth, and Fourteenth Amendment claims concerning the strip cell incident against Defendants Lt. Deanna Hawkins and Capt. Patrick Hawkins; the § 1983 failure-to-train claim against**

**CorrectCare; and the ADA claim against Defendant Warden Smith in his official capacity**.

In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of these claims. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of these continuing claims.

(4) Within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint (1) to name the two nurses allegedly responsible for his denied medical treatment; to sue them in their individual capacities; and to describe the facts surrounding each nurses' involvement in his claims; and (2) to name those individuals who allegedly denied him a handicapped cell and wheelchair and to provide more facts surrounding those claims, including the length of time he was denied a handicapped cell and whether he is still being denied a handicapped cell.

(5) The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 form with this case number and "Amended" written in its caption for his use should he choose to file an amended complaint.

Date: July 14, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
James M. Mooney, 110 North Main Street, Nicholasville, KY 40356
4415.005